IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRISTINO M. CASTRO,** | : | CIVIL NO. 1:CV-07-2025 |
| Petitioner, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| **WARDEN DAVID EBBERT,** | : | |
| Respondent | : | |

# MEMORANDUM

Before the Court is Petitioner Cristino M. Castro's motion for reconsideration (Doc. No. 24) of the Court's memorandum and order of February 19, 2009 (Doc. No. 23), dismissing without prejudice his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the motion will be denied.

## I.     Background

Castro ("Castro"), a Mariel Cuban detainee of the Bureau of Immigration and Customs Enforcement ("BICE") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) challenging his continued confinement by BICE where there is no significant likelihood of his removal to Cuba in the foreseeable future. On December 3, 2008, BICE invoked procedures pursuant to 8 C.F.R. § 241.14(f) to continue Castro's detention despite no significant likelihood of his removal in the reasonably foreseeable future because his release would "pose a special danger to the public." At the time, Castro was in the midst of administrative proceedings as set forth in 8 C.F.R. § 241.14 with regard to determining whether he is an alien who poses a special danger to the public. On January 28, 2009, a reasonable cause hearing was conducted in accordance with 8 C.F.R. § 241.14(h) wherein the Immigration Judge found that BICE established reasonable cause, and continued the case for a merits hearing.

Pursuant to 8 C.F.R. § 241.14(I)[1], a merits hearing was to be conducted on the matter within thirty (30) days. Following the merits hearing, Castro may file an appeal from any adverse decision pursuant to 8 C.F.R. § 241.14(i)(4).

Based on the foregoing, the Court issued a Memorandum and Order on February 19, 2009, dismissing the pending petition for writ of habeas corpus without prejudice as premature in that Castro was currently challenging his continued detention in proceedings before BICE. (Doc. No. 23.) The Court further noted that following the conclusion of the proceedings before BICE, Castro could file a new action in this Court challenging his continued confinement.

On March 3, 2009, Castro filed the instant motion for reconsideration. (Doc. No. 24.) After careful review, the Court will deny the motion.

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a

---

[1] On February 17, 2009, Respondent advised the Court that the reasonable cause hearing was held on January 28, 2009, and that the immigration judge determined there was sufficient evidence to go forward with a hearing on the merits of Castro's detention under 8 C.F.R. § 241.14(f) as to whether he is an alien who poses a special danger to the public. (Doc. No. 10.) Respondent further informed the Court that as of February 17, 2009, a hearing notice regarding when the merits hearing would be conducted had not yet been issued. However, through utilization of BICE's automated telephone system, the Court learned that a merits hearing on Castro's detention was scheduled for February 24, 2009.

clear error of law or fact or to present manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental q      Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant motion, Castro states that the merits hearing was conducted by the immigration judge on February 24, 2008.  He contends that the immigration judge found that he was a threat to both society and himself in the present and the future, and continued his detention.  (Doc. No. 24 at 1.)  Castro then goes on to argue all of the reasons why he believes he should be released from BICE custody/removed to another country.

Castro fails to demonstrate any of the applicable grounds for reconsideration.  He has not filed his motion for reconsideration to set forth an intervening change in law, present new evidence, or argue the existence of a clear error of law or fact.  He simply restates arguments advanced in his prior filings.  While it is true that a merits hearing has now been conducted by

the immigration judge, Castro may file an appeal from that decision. Accordingly, the motion for reconsideration will be denied. An appropriate Order will issue.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRISTINO M. CASTRO,** | : | **CIVIL NO. 1:CV-07-2025** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **WARDEN DAVID EBBERT,** | : | |
| **Respondent** | : | |

## **ORDER**

**AND NOW,** this 23rd day of March, 2009, and in accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. No. 24) is **DENIED.**

 S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania